IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DANIEL NEAL | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-3 |
| JAQUILLE REED, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Daniel Neal, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Divisions ("TDCJ-CID"), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Captain Jaquille Reed, Major Terry Andrews, Assistant Warden Bruce Johnson, Officer Tiffany Long, Counsel Substitute Shelly Soutter, Captain Brandi Coffman, B. Fiveash, the chairman of the State Classification Committee of TDJ-CID, and Jessica Riley, a grievance official.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #1), Plaintiff states that on November 25, 2019, he had a pass that permitted him to leave his cell for a medical test.  Plaintiff alleges he had a hole in his pants and that after Suzanne McDaniel, a phlebotomist, drew his blood, he asked her for permission to masturbate. Plaintiff describes Ms. McDaniel as being shocked by his request.  After Plaintiff requested a yes or no reply, Ms. McDaniel gave him a negative response.  Plaintiff then rose from his seat and left the lab room in the infirmary.

Plaintiff alleges that after he left the infirmary, he was caught in the hallway while inmates were being counted.  When the count had been completed, he went back to the section of the prison where he was housed and went to the day room. Plaintiff states that security cameras will show he was in the day room between 4:30 a.m. and 5:30. a.m.

After Plaintiff left the dayroom and was sitting on the stairs, an unknown sergeant placed him in handcuffs and took him to the office of Lieutenant Adrian Smith. Lieutenant Smith asked Plaintiff what had happened in the lab room. After Plaintiff explained what had happened, Lieutenant Smith said he could not file a masturbation disciplinary case against Plaintiff. Plaintiff stated he did not masturbate, but Lieutenant Smith said he attempted to masturbate. Lieutenant Smith then told Plaintiff to return to his cell and that he would speak with Ms. McDaniel.

After Lieutenant Smith spoke with her, he went to Plaintiff's cell and transferred him to restrictive housing, also known as pre-hearing detention, based on charges of establishing an inappropriate relationship with an officer and attempting to masturbate. Plaintiff alleges Defendant Long documented the incident that took place in the lab room. She was also the charging officer even though she was not present in the lab room. Plaintiff states Defendants Reed, Andrews and Johnson are supervisors in the restrictive housing section and knew that a charge of establishing an inappropriate relationship was insufficient to justify placing Plaintiff in restrictive housing. Plaintiff asserts his disciplinary history of sexual misconduct and masturbation cases were used to justify his transfer to restrictive housing. Plaintiff also states there was no written statement from his accuser to support his transfer.

Plaintiff states that before he was taken to restrictive housing, he was escorted to the infirmary for a physical examination. While a nurse was examining him, he asked Defendant Johnson if he could speak with him for a minute. Defendant Johnson told Plaintiff that he would be making rounds in the restrictive housing section later. However, Plaintiff states Defendant Johnson never came to the section. Plaintiff alleges that while he was in the infirmary, defendant Reed took the case for his glasses. Plaintiff contends defendant Reed believed Plaintiff purchased the glasses before he was incarcerated. However, the case contained glasses Plaintiff received while in prison.

Plaintiff alleges that on December 2, defendant Reed conducted a restrictive housing committee meeting. He asserts Defendant Reed falsified the records by stating Plaintiff was present

at the committee hearing. Plaintiff states security cameras will show he never left his cell on December 2.

Plaintiff states Defendant Coffman conducted a disciplinary hearing on December 6 regarding three disciplinary charges against him. At the time of the disciplinary hearing, Plaintiff was charged with sexual misconduct/masturbation, refusing or failing to obey orders and creating a disturbance.

Defendant Coffman dismissed the charge of creating a disturbance, which Plaintiff states was the reason he was placed in restrictive housing. Plaintiff states that in the past he had never been placed in restrictive housing as a result of a sexual misconduct charge. Plaintiff asserts that as the other two charges were also false, Defendant Coffman knew she should have dismissed those charges as well. Instead, she found Plaintiff guilty of those two offenses. Plaintiff alleged Defendant Coffman improperly excluded him from the hearing after he said Defendant Soutter failed to provide him with a copy of the disciplinary report. Plaintiff also contends he was not permitted to call witnesses to testify.

Plaintiff states Defendant Coffman and Defendant Soutter, who acted as his counsel substitute, improperly manipulated the disciplinary process in order to violate his rights. Exhibit G to the Complaint (doc. #1-1, p.11) states that as a result of the disciplinary convictions, Plaintiff received the following punishment: (a) loss of recreation privileges for 15 days; (b) loss of commissary privileges for 45 days; (c) demotion to a classification in which he earns fewer days of good conduct time credits and (d) forfeiture of 30 days of previously earned good conduct time credits.

Plaintiff alleges that on February 11, 2020, he provided Defendant Fiveash with a statement asserting he had been improperly placed in restrictive housing. He asked that the statement be made part of the records of the State Classification Committee. However, Defendant Fiveash took no action to assist Plaintiff or change his housing status.

Plaintiff states he filed a Step 1 and a Step 2 grievance concerning his disciplinary convictions. He alleges Defendant Riley acted improperly when she denied the Step 2 grievance. Plaintiff also states he filed a Step 1 grievance concerning Defendant Fiveash's failure to assist him. He alleges grievance officials failed to process the grievance properly, causing it to be denied as untinmely.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

### *False Disciplinary Charge*

Plaintiff alleges the disciplinary charges against him were false. This is construed as a claim for malicious prosecution. However, Plaintiff's claim for malicious prosecution is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* provides that in order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on appeal, expunged by executive order or called into question by the issuance of a writ of habeas corpus. *Id.* at 486-87. The principles set forth in *Heck* also apply to prison disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997).

As a result, when a prisoner asserts a claim of malicious prosecution, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of the plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceedings challenged have already been invalidated. *Heck*, 512 U.S. at 487. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the duration of the plaintiff's confinement, the action should be allowed to proceed. *Id*.

Plaintiff lost previously earned good conduct time credits as a result of his disciplinary convictions. This part of the punishment imposed will require Plaintiff to remain incarcerated longer than he would have been if he had not been convicted of the disciplinary offenses. As Plaintiff asserts the disciplinary charges are false, a finding in his favor with respect to this claim would necessarily call into question the validity of the duration of his confinement. As Plaintiff does not state his disciplinary convictions have been expunged or otherwise called into question, he may not proceed with his malicious prosecution claim.[1]

*Denial of Due Process in Connection with Placement in Restrictive Housing*

Plaintiff asserts he was placed in restrictive housing without due process of law. Plaintiff asserts this claim against Defendants Andrews, Johnson, Reed and Fiveash. For the reasons set forth below, this assertion fails to state a claim upon which relief may be granted.

In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that liberty interests protected by the Due Process Clause will generally be limited to freedom from restraints which impose an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. As a general rule, only sanctions which either result in the loss of good conduct time credits for inmates who are eligible for release on mandatory supervision, or directly and adversely

---

[1] Plaintiff seeks injunctive and declaratory relief, as well as money damages. Presumably, injunctive relief would include the expungement of Plaintiff's disciplinary convictions and the restoration of his forfeited good conduct time credits. However, *Heck* prevents him from seeking any form of injunctive relief that would imply the invalidity of the duration of a sentence that has not otherwise been expunged or called into question. *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (citing *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*)). Claims for declaratory relief are likewise barred. *Lavergne v. Clause*, 591 F. App'x 272, 273 (5th Cir. 2015).

affect release on mandatory supervision, will impose upon a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995). Placement in more restrictive housing, such as administrative segregation, does not implicate a constitutionally cognizable liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Plaintiff does not state that his placement in restrictive housing will have a direct and adverse effect on the duration of his confinement. As a result, his transfer to restrictive housing did not implicate a protected liberty interest. Plaintiff was therefore not entitled to due process before being transferred.

*Denial of Due Process in Connection with Disciplinary Hearing*

While Plaintiff acknowledges Defendant Coffman dismissed one of the disciplinary charges against hin, he states that as the other two charges were false, she should have also dismissed those charges. In addition, he complains of not being permitted to attend the disciplinary hearing or call witnesses to testify.

As Plaintiff's punishment included the loss of good conduct time credits, a finding in his favor with respect to this claim would imply the invalidity of the duration of his confinement. Plaintiff does not state his disciplinary convictions have been expunged or otherwise called into question. For the reasons set forth above, *Heck v. Humphrey, supra*, bars him from proceeding with this claim.

*Theft*

Plaintiff alleges Defendant Reed took his glasses and their case. However, deprivations of property by prison officials, whether intentional or as a result of negligence, do not violate the Due Process Clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (negligent deprivations of property). However, post-deprivation remedies "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

6

Plaintiff alleges Defendant Reed took his property while he was in the infirmary. His allegations do not show Defendant Reed was acting according to established state procedures. The theft of Plaintiff's property, therefore, did not violate his right to due process because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

*Counsel Substitute*

Plaintiff alleges Defendant Soutter failed to properly perform her duties as his counsel substitute. Title 42 U.S.C. § 1983, the statute under which Plaintiff is proceeding, provides that in order to be liable, a defendant must act under color of state law. However, a counsel substitute, like a public defender, does not act under color of state law. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (citing *Polk County v. Dobson*, 454 U.S. 312, 321 (1981)). Plaintiff has, therefore, failed to state a claim upon which relief may be granted against Defendant Soutter.

*Actions Regarding Grievances*

Finally, Plaintiff complains a grievance was improperly denied and that another grievance was not processed properly. However, inmates do not have a constitutionally protected liberty interest in having grievances resolved or processed to their satisfaction. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff's allegations regarding the grievance process therefore fail to state a claim upon which relief may be granted.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted by the district court. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 25th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE