| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DANIEL NEAL, §
§
      Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:21-CV-3
§
JAQUILLE REED, *et al.*, §
§
      Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Daniel Neal, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several defendants. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed for failure to state a claim upon which relief can be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff's objections focus on three claims: (1) he was denied due process of law in connection with being placed in restrictive housing; (2) a false disciplinary charge was written against him and he was denied due process in connection with the disciplinary proceeding and (3) defendant Soutter did not perform her duties as his counsel substitute.

Plaintiff asserts that he was placed in restrictive housing based on false allegations. However, the magistrate judge correctly relied on *Sandin v. Conner*, 515 U.S. 472, 484 (1995), to conclude that plaintiff has no protected liberty interest in not being placed in more restrictive housing.

Plaintiff also contends a false disciplinary charge was written against him and that defendant Coffman, the disciplinary hearing officer, denied him due process at the disciplinary hearing. Plaintiff states he did not have sufficient notice of the charge against him and was not allowed to call witnesses to testify on his behalf. He asserts he lost good conduct time credits as a result of his disciplinary action. The loss of good conduct time credits will extend the time plaintiff remains incarcerated; but plaintiff does not assert his disciplinary conviction has been expunged or otherwise invalidated. As a result, the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 447, 486-87 (1994), prevents him from asserting these claims in a civil rights lawsuit.

Finally, plaintiff states defendant Soutter acted improperly in her role as his counsel substitute. He alleges she failed to provide him with a copy of the disciplinary report and did not obtain statements from witnesses. However, as the role of counsel substitute is analogous to the role of public defender, defendant Soutter was not acting under color of state law while acting as plaintiff's counsel substitute. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). As a result, plaintiff has failed to state a claim against her under Section 1983.

## ORDER

Accordingly, the objections filed by plaintiff in this matter (#30) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#28) are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 10th day of February, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE